**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000672
26-JUN-2020
07:46 AM**

NO. CAAP-17-0000672

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
TAZ PRESTON, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DCW-16-0001608)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)


Defendant-Appellant Taz Preston (**Preston**) appeals from a Notice of Entry of Judgment and/or Order entered on August 22, 2017 (**Judgment**), by the District Court of the First Circuit, Honolulu Division (**District Court**).[1] After a bench trial, the District Court convicted Preston of one count of Harassment,[2] in

---

[1]  The Honorable Paula Devens presided.

[2]  Preston was acquitted of Disorderly Conduct, in violation of HRS § 711-1101(1)(a) (2014).

violation of Hawaii Revised Statutes (**HRS**) § 711-1106(1)(a) (2014).[3]

Preston raises three points of error on appeal, contending that:  (1) the District Court erred in denying his motion to dismiss after Honolulu Police Department (**HPD**) Officer Richard Townsend (**Officer Townsend**) failed to appear for further cross-examination on April 19, 2017; (2) Preston was denied his speedy trial and due process rights because the District Court continued the case for further trial multiple times over a span of 173 days; and (3) there was insufficient evidence to support a conviction of Harassment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Preston's points of error as follows:

(1)  Preston argues that the District Court erred by denying a motion to dismiss he purportedly made at trial, on April 19, 2017.  Although a transcript of the proceeding is included in the record on appeal, it reflects no motion to dismiss.  Minutes of the proceeding provide:  "State omot [sic] to continue-off Townsend not present (was ordered to return); Denied Defense objection/move to dismiss-denied."  However,

---

[3]     HRS § 711-1106(1)(a) provides:  "A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person . . . [s]trikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]"

Preston was tried along with co-defendants Joseph Dietz (**Dietz**) and Sierra Iona, and each defendant was represented by separate counsel. The minutes do not specify which defense counsel made the motion, the basis of the motion, or the District Court's reason for denying the motion. Thus, the minutes do not provide a sufficient record to review the issue on appeal.

It was Preston's duty to obtain a complete transcript. "[A] defendant has a duty to reconstruct, modify, or supplement the missing portions of the record, and a failure to make a reasonable attempt to do so precludes him or her from alleging reversible error." State v. Bates, 84 Hawaiʻi 211, 217, 933 P.2d 48, 54 (1997). Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rules 10(c) and (e) "provide a criminal defendant with several remedies to correct or modify inaudible portions of the trial transcript." Bates, 84 Hawaiʻi at 218, 933 P.2d at 55. Upon review, it appears that Preston made no attempt to reconstruct the record pursuant to HRAP 10(c) or to correct or modify the record pursuant to HRAP 10(e) to cure the apparent omission in the transcript of the April 19, 2017 proceedings. See State v. Shigetani, CAAP-17-0000441, 2019 WL 1397385, *6 (Haw. App. Mar. 28, 2019) (SDO) ("In this case, the appellate record shows no attempt by Shigetani to supplement the record or otherwise utilize [HRAP] Rules 10(c) and (e) (2016) [to correct the transcript].").

Without a transcript of the motion to dismiss and the District Court's ruling on the motion, there is an insufficient record before the court to address Preston's contention that the District Court erred in denying an April 19, 2017 motion to dismiss.

(2) Preston argues that the District Court deprived him of his right to confront Officer Townsend because Preston's cross-examination of the officer was extremely brief, spanned non-consecutive trial days, and was interspersed with testimony by other witnesses. Preston maintains that neither he nor the District Court could "adequately assess the credibility of the witness over such a disjointed duration." Related to this point is Preston's assertion that the District Court erred by continuing Officer Townsend's cross-examination when the officer failed to appear at trial on April 19, 2017, as ordered, and presented no excuse for his absence.

There is nothing in the record on appeal indicating that Preston objected to the District Court's continuation of Officer Townsend's cross-examination, the order in which the State presented witnesses, or the length of time Preston was given to cross-examine Officer Townsend. Therefore, Preston waived these points. See HRAP Rule 28(b)(4).

Nevertheless, because the issues implicate a fundamental constitutional right, we review them for plain error. See State v. Yoshino, 50 Haw. 287, 290, 439 P.2d 666, 668 (1968)

4

("We have stated in numerous cases that where fundamental constitutional rights are involved, this court will take cognizance of the issue though it is raised in this court for the first time.") (citations omitted); see also State v. Sprattling, 99 Hawaiʻi 312, 322, 55 P.3d 276, 286 (2002); State v. Bunn, 50 Haw. 351, 355, 440 P.2d 528, 532 (1968). "[T]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination, and the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross examination." Birano v. State, 143 Hawaiʻi 163, 183-84, 426 P.3d 387, 407-08 (2018) (citation, internal quotation marks, and brackets in original omitted). On the other hand, "[a] criminal defendant's 'right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.'" State v. Locken, 134 Hawaiʻi 376, 384, 341 P.3d 1176, 1184 (App. 2014) (citation omitted).

Hawaiʻi Rules of Evidence (**HRE**) Rule 611(a) provides:

> **Control by court.** The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

"[HRE Rule 611(a)] states the common-law principle allowing the court broad discretion in determining order and mode of interrogation" and is intended "to define broad objectives and

to leave the attainment of those objectives to the discretion of the court."  Commentary to HRE Rule 611.  Under Rule 611, a trial court has discretion to schedule and determine courtroom procedure.  State v. Christian, 88 Hawaiʻi 407, 422, 967 P.2d 239, 254 (1998).  Still, "the rules of evidence cannot override the constitutional rights of the accused."  State v. Loher, 140 Hawaiʻi 205, 219, 398 P.3d 794, 808 (2017) (citation and internal quotation marks omitted).

On March 2, 2017, while Preston's counsel was cross-examining Officer Townsend, the District Court interrupted to announce that the adjournment time had passed and that the District Court would have to continue trial.  The District Court set the continued trial for April 19, 2017, and ordered several of the State's witnesses, including Officer Townsend, to appear on that date.  On April 19, 2017, Officer Townsend was absent from trial.  Officers Sean Costigan and William Suarez were questioned, and the District Court continued the trial to May 11 and 12, 2017.  On May 11, 2017, Officer Townsend was absent due to illness.  On May 12, 2017, Officer Townsend appeared, and Preston finished cross-examining him.

At the March 2, 2017 trial, Preston impeached Officer Townsend regarding his testimony that Preston was being aggressive when Officer Townsend arrived at the scene of the incident.  Preston asked Officer Townsend to draw diagrams showing, among other things, where Corporal Derrick Sagawa

(**Corporal Sagawa**) was pushed. When Preston resumed his cross-examination of Officer Townsend on May 12, 2017, Preston began by reminding the officer that he had drawn diagrams on March 2, 2017. Preston showed him the diagrams and asked if he recognized them. Officer Townsend responded "Yes." Preston proceeded to ask a number of questions regarding how and why the push occurred.

Although Preston claims he was not given adequate time to cross-examine Officer Townsend or a sufficient opportunity to impeach the officer's credibility due to the "disjointed" nature of his cross-examination, Preston cross-examined the officer at length, Preston's cross-examination on May 12, 2017 appeared to flow seamlessly from his questioning on March 2, 2017, Preston's cross-examination of Officer Townsend overall appeared to have been effective, and Preston does not contend that any query remained unasked or unanswered.

We conclude that the District Court did not plainly err or abuse its discretion when it continued Preston's cross-examination of Officer Townsend and allowed the State to call other police officers to testify on April 19, and May 11, 2017, when Officer Townsend failed to appear. We further conclude that Preston has failed to show that the District Court deprived him of his due process right to meaningfully cross-examine Officer Townsend.

(3)   Preston argues that his constitutional right to a speedy trial was violated because "173[] days from commencement of trial to resolution [of trial] was unreasonable, oppressive, and disorderly."

This court has previously considered whether a defendant's speedy trial rights have been violated in circumstances where the trial commenced within 180 days of arrest, in compliance with Hawaiʻi Rules of Penal Procedure Rule 48, but a relatively short evidentiary trial was conducted over a prolonged period of time.  See State v. Paulmier, CAAP-15-0000381, 2018 WL 3490557 (Haw. App. July 20, 2018) (mem. op.). In analyzing whether a defendant's constitutional right to a speedy trial has been violated, Hawaiʻi courts apply the four-part test articulated in Barker v. Wingo, 407 U.S. 514 (1972).  See State v. White, 92 Hawaiʻi 192, 201, 990 P.2d 90, 99 (1999).  "The four Barker factors are:  (1) length of delay; (2) the reasons for the delay; (3) the defendant's assertion of his or her right to speedy trial; and (4) prejudice to the defendant."  Id. at 201-02, 990 P.2d at 99-100 (citation omitted).

Here, Preston objected to the lengthy and interrupted trial process as a violation of his right to a speedy trial.  The District Court stated that it was due to the many other matters it has to handle on any given day and that it was taking into consideration the schedules of the various attorneys.  While

8

there are no other "findings" in the record that touch upon the Barker factors, and no written findings entered, it appears that Preston's trial was conducted over a period of nearly six months, on seven trial days, in roughly one to two hour segments.[4]

In State v. Visintin, 143 Hawaiʻi 143, 157-58, 426 P.3d 367, 381-82 (2018), the supreme court held that this court erred in considering the defendant's speedy trial claim on the merits because the trial court in that case had not considered the Barker factors and had not made any written findings, nor had it stated findings or conclusions evaluating the Barker factors. Consistent with the supreme court's ruling in Visintin, this case must be remanded to the District Court for rendering of findings of fact and conclusions of law and applying the Barker factors. Id. at 163, 426 P.3d at 387.

(4) Preston argues that his conviction was based on insufficient evidence because Corporal Sagawa testified inconsistently regarding whether a video camera was recording at the time of the incident underlying the Harassment charge against Preston, *i.e.*, when Corporal Sagawa was reportedly shoved by Preston.

"On appeal, the test for a claim of insufficient evidence is whether, viewing the evidence in the light most

---

[4] As the length of some of the trial sessions is unclear from the transcripts, and there are no findings of fact, this observation is merely in aid of review of this point of error and should not be considered a factual finding by this court.

favorable to the State, there is substantial evidence to support the conclusion of the trier of fact." State v. Pesentheiner, 95 Hawai'i 290, 293, 22 P.3d 86, 89 (App. 2001) (citation omitted; format altered).

In this case, the District Court found that all of the State's witnesses were credible and testified credibly. See id. (citation and internal quotation marks omitted) ("[I]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses[.]"). Officer Townsend testified that when he arrived at the scene of the incident, Officer Kubo told him there had been a fight inside the club and bouncers escorted Preston outside. Officer Townsend saw Preston, apparently intoxicated, aggressively and angrily confronting police officers who were preventing him from re-entering the club. Preston yelled and swore at the officers for five to ten minutes. Corporal Sagawa also testified he also saw Preston yelling and trying to re-enter the club.

Officer Townsend testified that at some point, Dietz, Preston's brother, exited the nightclub. Officer Kubo testified that Preston and Dietz, both clearly upset and agitated, swore and called out the staff to fight because they would not let Preston and Dietz back into the club. The police asked Preston and Dietz to leave. Officer Suarez and Corporal Sagawa testified that the men eventually walked away, yelling, screaming, and challenging officers to fight. Officer Suarez testified that the

men walked to the back of the club and argued with a group of officers who asked them to leave, then continued walking.

Corporal Sagawa testified that as Preston and Dietz walked, they continued to behave aggressively. When Corporal Sagawa told the men they were under arrest and grabbed Preston's arm, Preston turned around and shoved the corporal with both hands in the chest area, sending him back a few feet. Four officers all testified that they saw Preston push Corporal Sagawa in the chest area, sending the corporal backwards.

The aforementioned testimony provides substantial evidence showing Preston shoved Corporal Sagawa. The District Court reasonably inferred that Preston shoved Corporal Sagawa with the intent to harass, annoy, or alarm him, as immediately before the shove, Corporal Sagawa told Preston and Dietz they were under arrest, and throughout the incident, Preston had been acting belligerently toward the police. See HRS § 711-1106(1)(a).

For the foregoing reasons, the District Court's August 22, 2017 Judgment is vacated, and this case must be remanded to the District Court for rendering of findings of fact and conclusions of law and applying the Barker factors. If the District Court concludes that Preston's constitutional right to a speedy trial was violated, the District Court must dismiss the case with prejudice. See Visintin, 143 Hawaiʻi at 157, 426 P.3d at 381. If the District Court concludes that Preston's

constitutional right to a speedy trial was not violated, an amended judgment of conviction may be entered.

DATED: Honolulu, Hawaiʻi, June 26, 2020.

On the briefs:

Jacob G. Delaplane,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge